UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

                                                                               MEMORANDUM & ORDER

      v.                                                               02-CR-1065 (NGG)

JAMEL SAPP,

                Defendant.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

Defendant Jamel Sapp ("Defendant" or "Sapp") requests resentencing in light of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). On April 21, 2005, the Second Circuit remanded this case, pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), for a determination by this court as to whether the Defendant should be resentenced based on federal criminal sentencing modifications imposed by Booker. For the reasons set forth below, the request for resentencing is denied.

I.     **Factual Background**

**Defendant's Crime**

Defendant pled guilty to possessing a handgun and having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 25, 2002, the date on which Defendant was apprehended, he was in possession of a loaded 40 caliber Smith and Wesson firearm and a clip of bullets. (June 27, 2003 Transcript of Sentencing ("6/26/03 Tr.") at 10.) At that time, he fled from the law

1

enforcement officers and, while doing so, discarded the weapon between two parked automobiles. (Id.)

**The Original Sentencing**

On February 27, 2003, Defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, I adopted the Probation Department's calculation of a Total Offense Level of 25 and a Criminal History Category of IV. Based on these calculations, the sentence range was from 84 to 105 months. At sentencing, I discussed Defendant's conduct and the Sentencing Guidelines range:

> The crimes that you have committed over a relatively short life are extremely serious. Each of them involves possession of a handgun, and the first crime for which you received a youthful offender status was a very serious crime in and of itself.
>
> I don't know what you can do with your life, but I think you are articulate, you are healthy, you are young, and I suppose that if you commit yourself to it, you can turn your life around, and I hope you will do that.
>
> The sentencing range is a very, very high range, and that reflects the fact that the Congress and the Sentencing Commission consider the possession of a weapon by someone who has been convicted of a violent crime or crimes in the past to be an extremely dangerous and serious situation, and so do I.
>
> But when this happens and the person is 21 years old, and is going to spend at least the next 7 years in prison, it's really regrettable that someone in the prime of life is going to have to spend that much time in jail. I hope that there is something you can do between now and the time you get out of jail so that you can have a good life overall.

(6/23/03 Tr. at 14-15.)

In light of Defendant's age, I sentenced him to 84 months, the lowest possible Guidelines

2

sentence:

> I'm sentencing you at the low end of the sentencing range because, if for no other reason, you are a young person and you deserve to have a life, and the sooner you get back to having a life the better, and hopefully you will turn it around and learn a skill while you're in jail and develop the backbone to avoid future tangles with law enforcement, future violation of the law.

(6/23/03 Tr. at 16.) At the time of sentencing, Defendant pointed to the fact that he had emotionally supported his companion, Kiki Windley, and her children as she underwent treatment for breast cancer. (Id. at 13.) Defendant's companion even sent a letter to the Court, which I considered at the original sentencing. (Id. at 3, 13.)

**Post-Sentencing Facts**

After being sentenced on June 27, 2003, Defendant completed courses in sewing and legal research; he also completed a class titled "Doing Time with the Right Mind." (June 27, 2006 Letter from Andrew L. Carter ("Carter Let.") Ex. A.) All of these courses were completed after Defendant was sentenced. (Id.) The record also indicates that, in 2006, Defendant was enrolled in a computer and typing class. (Carter Let. at 2.)

I.  **Legal Analysis**

In Booker, the Supreme Court held that the statutory requirement that district judges mechanically apply the United States Sentencing Guidelines ran afoul of the Sixth Amendment of the United States Constitution. See Booker, 125 S.Ct. at 756. Specifically, Booker held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id.

3

In Crosby, the Second Circuit addressed precisely how district courts should approach sentencing after Booker:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in [18 U.S.C. § 3553(a)]. Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a) whether [(i)] to impose the sentence that would have been imposed under the Guidelines. *i.e.*, a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

Crosby, 397 F.3d at 113.

In addition to requiring the courts to consider the Sentencing Guidelines, 18 U.S.C. § 3553(a) requires the court to consider the following factors in imposing a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2)":

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence to be imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> (3) the kinds of sentences available . . .
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 944(a)(2) that is in effect on the date the defendant is sentenced;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Since <u>Crosby</u>, the Second Circuit has explained that "[c]onsideration of the § 3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in there record and the statutory guideposts." <u>United States v. Fernandez</u>, 443 F.3d 19, 29 (2d Cir. 2006).

With respect to those sentences that were on direct appeal at the time <u>Booker</u> was decided, the Second Circuit remands the case "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." <u>Crosby</u>, 397 F.3d at 117 (emphasis in original). <u>Crosby</u> requires the district court to determine "whether a materially different sentence would have been imposed" had <u>Booker</u> been the law of the land at the time of sentencing. <u>United States v. Williams</u>, 399 F.3d 450, 460 (2d Cir. 2005).

The district court must make the decision as to whether to resentence "after considering the currently applicable statutory requirements as explicated in [<u>Booker</u>] and [<u>Crosby</u>]." <u>Crosby</u>, 397 F.3d at 120. This decision must be made "based on the circumstances at the time of the original sentence." <u>Id.</u> In making the decision as to whether to resentence, "the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant." <u>Id.</u>

5

## III. Discussion

Even after taking into account the additional discretion I have to apply the Section 3553(a) factors under Booker and Crosby, I would not impose a sentence that is different than 84 months. In short, I find that 84 months is the minimum sentence required to satisfy the 3553(a) factors. Defendant's conduct was extremely serious. When a felon possesses a gun, the public is put at significant risk. The fact that Congress has enacted a specific criminal statute that provides serious penalties for such conduct reflects this significant risk. The lengthy sentencing range provided by the Sentencing Guidelines confirms the seriousness of this conduct.

In this case, Defendant created even greater risk to the public by discarding the gun while he was fleeing from the police. Discarding the gun created a risk that the gun would be discharged. Further, by discarding the gun on a public street, the Defendant created an opportunity for another individual to retrieve the gun and use it to harm the public. A sentence of 84 months reflects the seriousness of the crime, deters individuals convicted of felonies from possessing guns, and prevents Defendant from harming the public for a significant period of time. A shorter sentence would fail to achieve these objectives.

None of the mitigating factors to which Defendant points suggest that a shorter sentence would be adequate to achieve these purposes in this case. First, the fact that Defendant was in his late teens when he committed his first felony and 20 years of age when he committed the instant offense does not justify a shorter sentence. Although Defendant was very young at the time he committed this conduct, he is already in Criminal History Category IV. This reflects the fact that, in his relatively short life, Defendant has already engaged in extensive serious criminal conduct. On one occasion, Defendant was convicted of Assault with Intent to Cause Serious

Injury with a Weapon and, on another occasion, Defendant was convicted of Attempted Robbery in the First Degree. There is evidence that a handgun was used in the commission of each of these crimes. This criminal history indicates that, despite Defendant's young age, there is a significant risk that he will continue to engage in serious criminal conduct. With an 84 month sentence, Defendant will not be released until his mid to late twenties and I hope that, by that time, Defendant will have significantly matured and, in doing so, be able to avoid further criminal conduct. The 84 month sentence will also provide this relatively young Defendant with opportunities for rehabilitation that a shorter sentence might not provide.

Second, the fact that Defendant supported his companion and her children while his companion underwent chemotherapy does not warrant a shorter sentence. Make no mistake, Defendant's support of Ms. Windley and her children suggests that he has the capacity to develop the kind of meaningful social relationships that may help him avoid committing additional criminal conduct in the future. I believe Defendant's efforts in this regard are laudable and I hope that when Defendant is released, he will use his social skills to become a productive member of the community. However, nothing about Defendant's support of Ms. Windley and her children prevented him from committing the crime in the first place and, while in possession of a weapon, Defendant posed a serious danger to the public, including Ms. Windley and her children.

Finally, Defendant points to vocational work that he completed in prison after his sentencing. As a preliminary matter, the Second Circuit does not permit me to consider events and circumstances that occurred after the sentence was imposed. See Crosby, 397 F.3d at 120 (decision as to whether to resentence must be "based on the circumstances at the time of the

7

original sentence"). Even if I were to consider this vocational work, however, it would not cause me to hand down a shorter sentence. Although vocational work reflects a desire and ability to become a productive member of society, the instant conduct was extremely serious and, for the reasons stated above, requires a sentence of no shorter than 84 months.

## IV. Conclusion

After fully considering all relevant facts, in accordance with 18 U.S.C. § 3553, Booker and Crosby, this court finds that resentencing of the Defendant is unwarranted in this case because there would be no material difference between a post-Booker sentence and the previously imposed sentence. Therefore, Defendant's request for resentencing is hereby DENIED.

SO ORDERED.

Dated: April 23, 2007
Brooklyn, N.Y.

/signed/
_____
Nicholas G. Garaufis
United States District Judge